UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


JANET CLARK,

    Plaintiff,

vs.	CASE NO. 5:07cv41/RS/EMT

JOHN E. POTTER,
Postmaster General, United
States Postal Service,

    Defendant.
_____/


**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

    Before me is Defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment and Motion to Strike Jury Demand for FMLA Claims (Doc. 19) and Plaintiff's Response in Opposition (Doc. 26).

### I. STANDARD OF REVIEW

**a. Motion to Dismiss**

    A motion to dismiss should be granted under Rule 12(b)(6) only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957). On a motion to dismiss under Rule 12(b)(6), the court's function is not to assess the veracity or weight of the evidence that might be offered in support of the complaint; instead, the court must merely determine whether the complaint is legally sufficient. *See Sherman ex rel. Sherman v. Helms,* 80

F. Supp. 2d 1365, 1368 (M.D. Ga. 2000).  In ruling on a motion to dismiss, the court must accept all material facts alleged in the complaint as true, and it must construe all reasonable inferences in the light most favorable to the plaintiff. *See Kirby v. Siegelman,* 195 F.3d 1285, 1289 (11th Cir. 1999).  If the facts alleged in the complaint would allow the plaintiff to recover under any possible theory, the motion must be denied, regardless of whether they would allow recovery under the particular theory pleaded by the plaintiff. *See Linder v. Portocarrero,* 963 F.2d 332, 336 (11th Cir. 1992).

**b. Motion for Summary Judgment**

Under Fed. R. of Civ. P. 56(c), summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).  The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (*quoting* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e)).  A factual dispute is "'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law."  *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251, 106 S. Ct. at 2512.  The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993); *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).  Thus, "[i]f reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, "[a] mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251, 106 S. Ct. at 2511).

## II. FACTS

Plaintiff contends she was wrongfully terminated by Defendant in retaliation for having engaged in EEO activity.  On August 29, 2005, Plaintiff received notice that she was terminated from employment with the post office effective September 30, 2005, for conduct that allegedly occurred on June 3, 2005.  Plaintiff had participated in protected EEO activity twice before being terminated.  Plaintiff alleges that she first learned on December 12, 2005, that a similarly-situated employee, who had not participated in EEO activity, committed similar conduct but was not terminated.  On that same day, Plaintiff telephoned the EEO and requested counseling.

The Code of Federal Regulations requires federal employees to contact an EEO counselor within 45-days of any alleged discrimination on the basis of race, color, religion, sex, national origin, age or handicap prior to filing a complaint in order to try to informally resolve the matter. 29 C.F.R. § 1614.105(a)(1).  At issue is when the 45-day period began to run.

### III. ANALYSIS

**a. Count I – Retaliation in Violation of Title 42 U.S.C. § 2000e**

Both parties agree that Plaintiff was required to administratively exhaust her claim.  In order to timely exhaust administrative remedies under Title VII procedures, a federal employee must contact an EEO counselor within 45-days of any alleged discrimination. 29 C.F.R. § 1614.105(a)(1).  The parties disagree as to when the 45-days begin.  Defendant argues the 45-days begin when Plaintiff received notice of her removal from employment on August 29, 2005.  Plaintiff argues the 45-days began on December 12, 2005, when Plaintiff had reason to suspect discrimination had occurred based on the theory of equitable tolling.

The Supreme Court has repeatedly held that, under Title VII, time to contact the EEOC begins when the discrete discriminatory act occurs. *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. ----, 127 S. Ct. 2162, 2165, --- L. Ed. 2d ---- (2007), *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110, 122 S. Ct. 2061, 2070, 153 L. Ed. 2d 106 (2002).  In a termination suit, the Supreme Court specified that the discrete discriminatory act occurs when the employee receives notice that they are to be terminated, not when the actual termination occurs. *Ledbetter*, 127 S. Ct. at 2168 (*citing Delaware State College v. Ricks*, 449 U.S. 250, 258, 101 S. Ct. 498, 504, 66 L. Ed. 2d 431 (1980)), *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 93, 111 S. Ct. 453, 456, 112 L. Ed. 2d 435 (1990).  Here, Plaintiff was on notice of her termination on August 29, 2005.

However, the Supreme Court has also held that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court under Title VII, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 1132, 71 L. Ed. 2d 234 (1982). The doctrine of equitable tolling suspends the statutory time period, and the plaintiff must bring suit within a reasonable time after she has obtained, or by due diligence could have obtained, the necessary information bearing on the existence of a claim. *Ferrill v. City of Milwaukee*, 295 F. Supp. 2d 920, 924 (E.D. Wis. 2003).

Equitable tolling is an extraordinary remedy which should be extended only sparingly. *Irwin*, 498 U.S. at 96, 111 S. Ct. at 457-458. Equitable tolling does not extend to a garden variety claim of excusable neglect. *Id.* The burden is on the plaintiff to show that equitable tolling is warranted. *Ross v. Buckeye Cellulose Corp.,* 980 F.2d 648, 661 (11th Cir. 1993), *cert. denied,* 513 U.S. 814, 115 S. Ct. 69, 130 L. Ed. 2d 24 (1994). Equitable tolling applies when the plaintiff has no reasonable way of discovering the wrong perpetrated against her. *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). An employee's mere suspicion of discrimination is insufficient to alert a person with a reasonably prudent regard for his rights that she should file a claim. *Sturniolo v. Sheaffer, Eaton, Inc.,* 15 F.3d 1023, 1026 (11th Cir. 1994). The statutory time period does not begin to run until the facts that would support a charge of discrimination under Title VII are apparent or should be apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff. *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 931 (5th Cir. 1975).

Equitable tolling was applied when a year after being terminated allegedly due to lack of funds, a female employee found out she was replaced less than a month after her termination by

a less qualified male employee. *Id*. Equitable tolling has been applied numerous times when an employee thinks they are being terminated for legitimate business reasons only to find out after the statutory time has run that their employer hired a younger employee as a replacement. *See, e.g.*, *Sturniolo,* 15 F.3d at 1023; *Jones v. Dillard's, Inc.*, 331 F.3d 1259 (11th Cir. 2003); *Rhodes v. Guiberson Oil Tools Dov.*, 927 F.2d 876 (5th Cir. 1991), *cert. denied*, 502 U.S. 868, 112 S. Ct. 198, 116 L. Ed. 2d 158 (1991).

In another case, an African American police officer was terminated for misconduct and had no reason to suspect discrimination until discovering a similarly-situated non-African American police officer was not terminated for committing similar or worse misconduct. *Ferrill*, 295 F. Supp. 2d at 925. The court held that taking the allegations in the light most favorable to the plaintiff, despite the exercise of due diligence, the plaintiff could not obtain information necessary to determine whether his termination might have violated Title VII until after the expiration of the statutory time period. *Id*. Thus, equitable tolling was applied. *Id*.

Equitable tolling was not applied after the statutory time had expired when an older employee alleged age discrimination because he was denied the same training as the younger employees. *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428 (11th Cir. 1998). It was also not applied after the statutory time had expired when an African American employee alleged race discrimination because he was denied numerous positions filled by white employees. *Stafford v. Muscogee County Bd. of Educ.*, 688 F.2d 1383 (11th Cir. 1982). In both cases, the plaintiffs knew immediately of the discrimination. However, in the cases where equitable tolling was applied, the plaintiffs did not know until later that they had been victims of discrimination.

In this case, in order to prove retaliation under Title VII, Plaintiff must show (1) she engaged in statutorily protected activity, (2) an adverse employment action occurred, and (3) the

adverse action was causally related to the plaintiff's protected activities. *Gregory v. Georgia Dept. of Human Resources,* 355 F.3d 1277, 1279 (11th Cir. 2004). On August 29, 2005, Plaintiff knew she had previously engaged in EEO activity which is statutorily protected activity, and Plaintiff knew her employment with the post office was terminated which is an adverse employment action. At that time, Plaintiff may have had suspicions of discrimination, but she had no facts to support it. Plaintiff alleges that she first learned on December 12, 2005, that a similarly-situated employee, who had not participated in EEO activity, committed similar conduct but was not terminated. Taking these allegation in the light most favorable to Plaintiff, it was upon learning of this alleged disparate treatment that Plaintiff first had a fact to support a charge of discrimination under Title VII. It was then that the 45-day statutory time period began. On that same day, Plaintiff telephoned the EEO and requested counseling before the 45-day period expired. Thus, Plaintiff properly exhausted her administrative remedies, and this count is not dismissed.

**b. Count II – Unlawful Retaliation in Violation of the Family Medical Leave Act Title 29 U.S.C. § 2601** *et seq.*

Plaintiff states in Plaintiff's Response in Opposition (Doc. 26) that she is no longer pursuing her count of Family Medical Leave Act retaliation for having engaged in protected leave. Thus, Count II of the complaint is dismissed.

## IV. CONCLUSION

Defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment and Motion to Strike Jury Demand for FMLA Claims (Doc. 19) is **DENIED as to Count I and GRANTED as to Count II**.

**ORDERED** on January 18, 2008.

/S/ Richard Smoak
**RICHARD SMOAK
UNITED STATES DISTRICT JUDGE**